**The Eliav Law Firm, PLLC**
Arthur Eliav
Dustin A. Stein
61-43 196th Street, Suite 590
Fresh Meadows, NY 11365
Tel: (718) 690-3355
Fax: (718) 690-3357
Arthur.eliav@eliavlaw.com
*Attorneys for Plaintiff General Investment Group LLC*

**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| GENERAL INVESTMENT GROUP LLC, | Civil Action No. 1:22-cv-6539 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| JOHN SZOKE GRAPHICS, INC., AND JOHN SZOKE, INDIVIDUALLY, | |
| Defendants. | |

---

Plaintiff General Investment Group LLC ("Plaintiff"), by and through its attorneys, The Eliav Law Firm, as and for its Complaint against defendant John Szoke Graphics, Inc. ("Defendant Graphics") and defendant John Szoke, individually ("Defendant Szoke") (Defendant Graphics and Defendant Szoke are hereinafter collectively referred to as "Defendants"), hereby alleges as follows:

**INTRODUCTION**

1. This is an action for specific performance and breach of contract, arising out of Defendants' breach of a contractual obligation to perform the following: (i) deliver to Plaintiff, so that Plaintiff could purchase for an amount not to exceed EUR 200,000, a certain artwork described as **"Picasso Block 225, numbered 1/3, printed on parchment"** ("Artwork 1") and (ii) deliver to Plaintiff, so that Plaintiff could purchase jointly with Defendants, with Plaintiff contributing fifty

percent (50%) of the purchase price, for an amount not to exceed EUR 500,000, a certain artwork described as **"Picasso Block 859, numbered 1/50"** ("Artwork 2"), so that Plaintiff and Defendants could, thereafter, jointly sell Artwork 2 and evenly share in the sale price in connection with such sale.

## PARTIES

2. Plaintiff is a California limited liability company that maintains its headquarters and its principal place of business in California.

3. Defendant Graphics is a New York Corporation that maintains its headquarters and principal place of business at 41 East 57th Street, 6th Floor, New York, NY 10022.

4. Upon information and belief, at least one shareholder of Defendant Graphics is a citizen of the United States.

5. Plaintiff has no reason to believe that Defendant Gallery or Defendant Graphics are entities of a foreign state.

6. Upon information and belief, Defendant Szoke, resides at 333 East 57th Street, New York, New York 10022.

7. Upon information and belief, Plaintiff has no basis to believe that any of Defendant's shareholders members are citizens of a foreign state.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant Graphics because it was authorized to do business in the State of New York, had an address in the State of New York, and upon information and belief it regularly transacted business in the State of New York.

10. This Court has personal jurisdiction over Defendant Szoke because upon information and belief, he is an individual residing in the State of New York, has an address in the State of New York, and regularly transacts business in the State of New York.

11. Venue is proper under 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Southern District of New York and because a substantial part of the events or omissions that gave rise to this action occurred in the Southern District of New York.

## FACTUAL ALLEGATIONS

12. Plaintiff is in the business of financing the sale and purchase of valuable artworks; purchasing and selling artworks for profit and advising individuals on the purchase and sale of valuable artworks.

13. Defendant Graphics is a commercial art gallery engaged in the business of selling valuable artworks.

14. Defendant Szoke is an individual involved in the sale and purchase of valuable artwork.

15. Defendants are also art dealers that engage in the practice of introducing and connecting buyers and sellers of artworks and are paid a commission in connection with the sales transactions that result from their procurement of deals.

16. Plaintiff was, at all pertinent times herein, familiar with Defendants and has known them for decades and has attempted to purchase and sell valuable artwork from them for decades.

17. For many years Defendants have been offering Plaintiff many valuable artworks for Plaintiff to purchase itself or to purchase jointly with Defendants.

18. Each time any of Defendants had a piece of artwork that they believed Plaintiff would like to acquire, Defendants sent emails and/or text messages to Plaintiff containing details and images of the suggested artwork in an effort to introduce Plaintiff to the suggested artwork and engage Plaintiff in discussions about purchasing same.

19. In or about February 2022, after Defendants had been offered Artwork 1 and Artwork 2 from a German based art dealer for Defendants' potential acquisition, Defendants and Plaintiff began exploring the possibility of engaging in a partnership in connection with a purchase and sale of Artwork 1 and Artwork 2.

20. Thereafter, in an email dated February 28, 2022, Defendants sent an agreement to Plaintiff, on letterhead of Defendant Szoke, stating as follows (said agreement is hereinafter referred to as the "Agreement," a copy of which is annexed hereto as **Exhibit A**):

> *This letter will serve to confirm our agreement regarding your purchase of two Picasso prints.*
>
> *[Artwork 1]*
>
> *You agree to purchase [Artwork 1] maximum EUR 200,000, and you agree to pay John Szoke Gallery commission EUR 5,000.*
>
> *[Artwork 2]*
>
> *John Szoke Gallery and you agree to purchase jointly this impression. The purchase price of the impression is maximum EUR 500,00, or possibly less. The owners each agree to contribute 50% of the final purchase price, and the sales price will be evenly divided.*
>
> *If you have any questions or concerns, we would be happy to discuss.*
>
> *Sincerely,*
>
> *John Szoke Gallery*

21. Upon information and belief, Defendants purchased Artwork 1 and Artwork 2 without notifying Plaintiff of said purchase and for Defendants own interest and in violation of Defendants promise and obligations pursuant to the Agreement and in violation of Defendants fiduciary duty to Plaintiff.

## FIRST COUNT
### (Specific Performance)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 as if more fully set forth herein.

23. Under the terms of the Agreement, Plaintiff is entitled to purchase Artwork 1 and Artwork 2.

24. The terms of the Agreement are certain and Defendants' obligation to perform by delivering Artwork 1 and Artwork 2 to Plaintiff for purchase is clear.

25. Defendants entered into the agreement willingly for agreed upon consideration.

26. Plaintiff has performed under the Agreement and is ready, willing and able to purchase Artwork 1 and Artwork 2 as agreed in the Agreement.

27. Defendants are in breach of their contractual obligations under the Agreement and also their obligations under applicable laws.

28. Plaintiff is without an adequate remedy at law and a money judgment award to Plaintiff is inadequate.

29. Plaintiff is entitled to a judgment directing Defendants to specifically perform their obligations under the Agreement.

## SECOND COUNT
### (Breach of Contract)

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 as if set forth in their entirety herein.

31. As a direct and proximate result of the breach by Defendants under the Agreement, Plaintiff has suffered, and is continuing to suffer, damages in an amount to be decided at trial.

32. Plaintiff is entitled to an award of damages in an amount to be determined at trial, plus interest.

## THIRD COUNT
### (Fraud)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 as if more fully set forth herein.

34. Defendants made false statements and misrepresentations to Plaintiff involving Artwork 1 and Artwork 2 and the arrangement between the parties in connection with the Agreement.

35. The false statements were made by Defendants with the intent to deceive Plaintiff.

36. Plaintiff reasonably relied upon the false statements made by Defendants.

37. Plaintiff sustained injury and damages as a result of said reliance.

38. Based upon the foregoing, Defendants committed fraud, and Plaintiff is entitled to an award of damages, including punitive damages, in an amount to be determined at trial, plus interest.

## FOURTH COUNT
### (Breach of Fiduciary Duty)

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 as if set forth in their entirety herein.

40. A fiduciary relationship existed between Defendants, as agents, and Plaintiff, as principal, whereby a relationship of trust and confidence existed and Defendants were bound to exercise the utmost good faith and undivided loyalty toward Plaintiff during their relationship and in connection with the Agreement.

41. Defendants engaged in misconduct by, without limitation, purchasing Artwork 1 and Artwork 2 without notifying Plaintiff of said purchase and for Defendants own interest and in violation of Defendants promise and obligations pursuant to the Agreement.

42. Plaintiff was damaged as a direct result of Defendants' misconduct.

43. Based upon the foregoing, Defendants breached a fiduciary duty owed to Plaintiff, and Plaintiff is entitled to an award of damages in an amount to be determined at trial, plus interest.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor, as follows:

(a) On the First Count, awarding a judgment directing Defendants to specifically perform their obligations under the Agreement and deliver Artwork 1 and Artwork 2 to Plaintiff for purchase as per the terms of the Agreement;

    (b)    On the Second Count, awarding a money judgment against Defendants in an amount to be determined at trial, plus interest;

    (c)    On the Third Count, awarding a money judgment against Defendants, including punitive damages, in an amount to be determined at trial, plus interest;

    (d)    On the Fourth Count, awarding a money judgment against Defendants in an amount to be determined at trial, plus interest; and

    (e)    Granting Plaintiff such other and further relief as to this Court deems just and proper.

I am admitted or otherwise authorized to practice in this Court, and I appear in this case as counsel for GENERAL INVESTMENT GROUP LLC.

Dated: August 2, 2022

    /s/
Arthur Eliav, Bar #4458915
**The Eliav Law Firm, PLLC**
61-43 196th Street, Suite 590
Fresh Meadows, NY 11365
Arthur.eliav@eliavlaw.com
Tel: (718) 690-3355
Fax: (718) 690-3357

*Attorneys for Plaintiff*
*General Investment Group LLC*